CLIFTON BEDELL THRIFT V. STATE

No. 34,720.   June 30, 1962

*M. Gabriel Nahas, Jr.*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Samuel H. Robertson, Jr., Robert E. Delany*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder without malice; the punishment, 3 years.

Mrs. Moers testified that at midnight on the night in question she was awakened by an argument between two men which was taking place in the street in front of her house at 1619 Weber Street, that in a moment both men started running down the street and fell down, during which time blows were exchanged and following which one of the participants came up on her porch and fell.

The police were notified, and deceased was found lying on Mrs. Moers' porch dead from a stab wound in the heart.

The testimony shows that appellant's father was questioned soon thereafter, was found to have sustained injuries indicating that he had been in a fight, was taken into custody and admitted having engaged deceased in a fight on Johnson Street (at the

other end of the block from the Moers residence) and having "committed the homicide". Later on, appellant's father repudiated this confession is a statement to detective Belcher.

Officer Kindred talked to appellant's father in jail the next afternoon, and during the course of this interrogation appellant appeared at the homicide office and produced a knife which he stated he had been asked to bring. Kindred asked appellant if he wanted to make a written statement concerning his connection with the homicide, and appellant stated that he had tried to contact his lawyer, had been unable to do so and wanted to talk to his father. Such permission was granted, and thereafter appellant emerged and said, "I will tell you what happened." His confession recites that he was sleeping in the front bedroom at 1520 Weber Street on the night in question, that he heard an argument between his father and the man who was later killed, that they both went around the corner onto Johnson Street, that he put on his pants and followed them and there found his father lying face down in the street. He recited that he then turned his attention to the man who was later killed and pursued him down Weber Street, where he cut him; that he returned to his home, where he found his father, and told him he had stabbed deceased; that his father told him to go to bed and if anything happened to say that he (his father) had inflicted the injury. The confession continues by reciting that he gave the knife which he had used to "Alice" and went to bed, that thereafter his mother informed him the police had carried his father to jail, that in the afternoon of the next day his father called him from the jail and told him to come to the police station and bring the knife, that he inquired of his mother where she had hidden the knife. retrieved the same and went to the station where he talked to his father who told him that the officers knew what had happened and suggested that he tell them the truth.

Appellant did not testify or call any witnesses in his own behalf.

If we properly construe appellant's brief, he now contends that the record raised an issue as to the voluntary nature of appellant's confession and that such question should have been submitted to the jury. No requested charges were submitted, and no objections were made to the charge as given.

During the course of the trial, when the confession was of-

fered, appellant asked that the jury be retired. All the evidence presented on the voluntary nature of the confession was developed in their absence. When the jury returned, appellant objected to the admission of the confession, but no further evidence was offered relating to its voluntary nature.

We have examined the record with care and fail to find any undisputed evidence which would render the confession inadmissible as a matter of law.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.